**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | No. 18-3822 |
| v. | : | |
| CHARLES J. SCHOEFER, | : | |
| Defendant. | : | |

**ORDER**

**AND NOW**, this 9TH day of May, 2019, it is **ORDERED** that Defendant's Motion to Dismiss for Insufficient Service of Process (ECF No. 9) is **DENIED**.[1]  It is further **ORDERED** that Defendant must file a response to Plaintiff's Complaint **on or before May 22, 2019**.

s/Anita B. Brody

_____

ANITA B. BRODY, J.

Copies **VIA ECF** on 5/9/2019

---

[1] Defendant contends that Plaintiff did not properly serve him when it posted a copy of the Summons and Complaint on the property of Defendant's last known address and mailed the Summons and Complaint to Defendant's last known address by regular and certified mail.  Despite Defendant's contention, however, Plaintiff executed this alternative service pursuant to the Court's order granting Plaintiff's Motion for Service by Posting Property and Certified Mail.  ECF No. 6.  Before granting Plaintiff's motion for alternative service, the Court determined that Plaintiff had: "(1) . . . made a good faith effort to locate the defendant; (2) . . . made practical efforts to serve h[im] under the circumstances; and (3) proposed alternate means of service [that] [wa]s reasonably calculated to provide the defendant with notice." *United States v. Linares*, 2016 WL 7014192, at *1 (E.D. Pa. Nov. 30, 2016) (internal quotation marks omitted).  The Court then granted Plaintiff's motion for alternative service pursuant to Pennsylvania Rule of Civil Procedure 430(a).  Thus, Plaintiff properly served Defendant pursuant to this Court's order granting permission for alternative service.